## CIRCUIT COURT OF FAIRFAX COUNTY

Martha Range

    v.

John Range

July 3, 1990

Case No. (Chancery) 112494

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on the motion of defendant John Range who asks this Court to: (1) vacate and set aside a September 8, 1989, *pendente lite* spousal support and maintenance order of this Court, or (2) order a *nunc pro tunc* adjustment of the spousal support and maintenance award and modify the *pendente lite* award due to a change of circumstances. After considering the evidence presented at the hearing, and for the reasons stated below, I have decided to vacate the September 8, 1989, *pendente lite* order.

As part of her bill of complaint for divorce, complainant Martha Range sought and received from this Court a *pendente lite* order requiring John Range to pay her $1,500 per month as spousal support. John Range alleges in his motion that this order violates § 20-109 because it contradicts an oral agreement between himself and Martha Range in which she agreed to waive her right to spousal support if he signed over his interest in the marital residence to her. Based upon the testimony and other evidence presented at the hearing, I find that there was such an oral agreement. Martha Range, however, contends that this agreement to transfer title · to real estate violates the Statute

of Frauds and cannot be enforced. I do not agree with that contention.

Virginia Code § 11-2 (the Statute of Frauds) provides that no action can be brought upon a contract for the sale of real estate unless that contract, or some memorandum thereof, is in writing and signed by the party to be charged. Va. Code Ann. § 11-2 (1989 Supp.). The consideration for the contract does not need to be stated in the writing or memorandum, however, and can be proved by other evidence. *Id.* Here, the Ranges' oral agreement is partly contained in a written deed, signed by both Martha and John Range, which transfers John Range's interest in the marital home to Martha Range. Martha Range's consideration for that transfer, as shown by the testimony at the hearing, was waiver of her right to spousal support. The deed, when considered with the evidence at the hearing is a sufficient memorandum to satisfy the Statute of Frauds.

Based on the above, defendant's motion to vacate the September 8, 1989, *pendente lite* order is granted. The request to order a *nunc pro tunc* adjustment of the award is denied.